# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DELAIZARAH ZGRAGGEN ROSARIO,**

        Plaintiff,

v.                           Case No:   6:15-cv-1125-Orl-41GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEYS' FEES (Doc. No. 19)**
>
> **FILED:**     **July 19, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND.

On June 22, 2016, judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 18. Plaintiff now moves, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"), for an award of attorneys' fees (the "Motion"). Doc. No. 19. The Motion is unopposed. Doc. Nos. 19 at 3; 20

**II.     DISCUSSION.**

In the Motion, Plaintiff requests an award of $3,636.17 in attorneys' fees.  Doc. No. 19 at 3.  The chart below represents the hours Plaintiff's counsel worked and the applicable hourly rates:

| Attorney | Year | Hours | Rate | Total |
| --- | --- | --- | --- | --- |
| Richard Culbertson, Esq.: | 2015 | 1.1 | $190.27 | $209.29 |
|  | 2016 | 1.3 | $191.68 | $249.18 |
| Sarah Fay, Esq.: | 2015 | 16.7 | $190.27 | $3,177.50 |
|  | **Total** |  |  | **$3,635.97** |

*Id*. at ¶ 8.  Plaintiff attaches detailed time sheets in support of the above hours.  *Id*. at 12-13.  Further, Plaintiff has demonstrated the above hourly rates do not exceed the EAJA cap of $125.00 per hour adjusted for inflation.  *Id*. at 8-10.[1]  Accordingly, the undersigned finds Plaintiff is entitled to $3,635.97 in attorneys' fees and that such fees are reasonable.

Additionally, Plaintiff represents that she agreed to assign her right to attorneys' fees to Mr. Culbertson.  *Id*. at ¶ 9.[2]  As a result, Plaintiff represents that "[i]f the U.S. Department of the Treasury determines that [she] does not owe a federal debt, the government will accept [her] assignment of EAJA fees and pay fees directly to [her] counsel."  *Id*. at ¶ 9.  Given these representations, Plaintiff requests the Court "authorize payment of the attorney fees to [her] counsel if the Commissioner determines [she] does not owe a debt to the government."  *Id*. at 3.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-29 (2010), the United States Supreme Court held

---

[1] At one point in the Motion, Plaintiff miscalculated Ms. Fay's fees.  Plaintiff represents Ms. Fay's total fees are $3,177.70.  Doc. No. 19 at 2.  The chart above contains the appropriate amount of Ms. Fay's fees according to the hours she spent on Plaintiff's case and the applicable hourly rate.

[2] Plaintiff entered into the agreement (the "Agreement") on June 10, 2015.  Doc. No. 19-1.

that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorney fees. *Id.* at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. U.S.*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984). Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Accordingly, an assignment made prior to the award of attorney's fees necessarily violates the Anti-Assignment Act because the claim has not been allowed, the amount of the claim has not been decided, and a warrant for the claim has not been issued. *Id*. Here, the Assignment, which is contained in the Agreement, does not satisfy the Anti-Assignment Act because the Assignment occurred prior to the award of any attorneys' fees. Doc. No. 19-1; *Crumbley v. Colvin*, 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013). Accordingly, the undersigned concludes the award of EAJA fees should be made to Plaintiff as the prevailing party. *Id*.

### III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 19) be **GRANTED in part** and **DENIED in part** as follows:

1. The Motion be **GRANTED** only to the extent the Court awards EAJA fees to Plaintiff in the amount $3,635.97; and

2. Otherwise, the Motion be **DENIED**.[3]

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on July 22, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] The United States Department of the Treasury (the "Department") may exercise its discretion to honor Plaintiff's assignment of benefits if it determines that Plaintiff does not owe a debt to the Government.  However, the undersigned is not recommending that the Court order the Department to honor it.